NAPOLEON B. GILLILAND ET AL. *v.* ILLINOIS CENTRAL RAILWAY COMPANY.

1. RAILROADS. *Extortion.* Code 1892, §§ 4287, 4288.

> Code 1892, §§ 4287, 4288, imposing a penalty on railroad companies for overcharges, are highly penal, and do not apply to a case not strictly within their terms.

2. SAME.

> Where a railroad company charged nothing more for "services rendered in the transportation" of freights than was allowed by law, it is not liable under said statutes, although it collected from the consignee in addition a sum demanded of and paid by it to a connecting carrier from whom it received the goods as the connecting carriers' charges for delivery to it.

FROM the circuit court of Attala county.

HON. JAMES H. NEVILLE, Judge.

Gilliland and others, appellants, were plaintiffs, and the railroad company, appellee, defendant in the court below. The plaintiffs appealed to the supreme court, the court below having decided in defendant's favor. The facts were these: The plaintiffs were merchants at Kosciusko. They applied to defendant's station agent there for information as to how much the freight would be upon carload lots of cotton-seed products from Greenwood, Miss., to Kosciusko, and they were informed by the agent that the freight would be 80 cents per ton of 2,000 pounds. The plaintiffs then ordered twenty-six car loads of such products from a cotton-seed oil mill at Greenwood. There were three such mills at Greenwood, two of which were located on defendant's line, and one—the one to which plaintiffs gave their order—upon the line of the Southern Railway. The mill, upon receipt of plaintiff's order, delivered the goods to the Southern Railway Company, which transferred the cars from its tracks at the mill to the appellee company's tracks, the latter tracks being one and one-quarter miles from the mill, but the Southern Railway demanded of appellee, upon delivery of the cars to it, $3 per car for its services in transporting the cars from the mill to the defendant's line, and the defendant paid these charges, and carried the cars to Kosciusko, where they were received by plaintiffs. The appellee's agent made out bills for the freight, at the agreed rate, against plaintiffs, adding, however, to the bill $3 per car for each of the twenty-six cars. The plaintiffs paid the entire demand, not discovering the items of $3 for each of said cars until after payment in full had been made. The suit was a demand for the aggregate sum of $3 for each of said cars and the statutory penalty provided by code 1892, §§ 4287, 4288, which sections are as follows:

"4287. *Railroads are public highways; not allowed to discriminate; extortion defined.*—The track of every railroad which carries persons or property for hire, is a public highway, over which all persons have equal rights of transportation for

themselves and their property and for passengers, freight, and cars, on the payment of reasonable compensation to the railroad for such transportation; and if any railroad corporation, or person managing a railroad, shall demand and receive more than reasonable compensation for the service rendered in the transportation of passengers or freight, or more than allowed by the tariff of rates fixed by the commission, or by such person or corporation with its approval or more than the rate specified in a bill of lading issued by authority of the railroad; or if any railroad shall, for its advantage, or for the advantage of a connecting line, or for that of any person, locality, or corporation make any discrimination in transportation against any person, locality, or corporation, unless authorized by the commission; or if any railroad company shall charge more for a short haul than for a long one, under substantially similar circumstances and conditions, without the sanction of the commission, such person or corporation, in either case, shall be guilty of extortion, and may be punished therefor criminally besides being liable civilly.

"4288. *Damages recoverable.*—The party injured may recover of the person or corporation guilty of extortion twice the amount of damages sustained by the overcharge or discrimination as the case may be."

*C. H. Campbell* and *J. S. Smith,* for appellants.

The bill of lading evidenced the contract as to freight. It was not admissible to vary it. Elliott on Railroads, sec. 1423; *Louisville & Nashville Railroad Co.* v. *Wilson,* 119 Ind., 352. Besides, the appellants relied on the statement of the agent at Kosciusko that 80 cents a ton of 2,000 pounds was the cost, and ordered on the faith of that. They had the right to rely on the answer as to the freight of the agent at Kosciusko. The bill of lading conformed to the rate named by the agent. 1 Woods' Railway Law, sec. 165. The payment was not voluntary, so as to preclude recovery. The appellants were not

aware of the charge of $3 for switching. The bill of lading did not mention it.    The bill for various freight bills due the railroad company did not make any mention of a charge for switching.    The agent,. in collecting, did not call attention to it.    He had informed appellants that 80 cents a ton was the cost, and.they paid the account as presented, not knowing that an illegal charge was included, and when they found out that they had paid it, sought to recover it. 4 Elliott on Railroads, sec. 1564. .The bills of lading for the various car loads of hulls and meal bought by the plaintiffs from the Leflore County Oil Mill were the written contracts of affreightment, and the railroad company had no power or right under the law to demand or receive anything more than the 80 cents per ton of 2,000 pounds.

*J. M. Dickinson* and *Mayes & Harris,* for appellee.

Sections 4287, 4288, code of 1892, have no application whatever to this case.    The freight rate charged was the rate expressed in the bill of lading and was the rate fixed by the railroad commission of the state, the appellee's regular tariff.

There is no attempt at an evasion of the statute.    There is nothing in the case that savors of an attempt to violate the law.    There was no violation of the law, either intentional or unintentional.    The appellants had applied for the appellee's tariff rate from Greenwood to Kosciusko.    They were told that it was 80 cents per ton of 2,000 pounds, by the car load, and this is all the appellee received.    They took the hulls when they were delivered by the Southern Railway Company to them, from the mill from which the appellants had purchased, and paid for the appellants the charge of hauling the hulls from the mill to the track of the appellee.    They received no part of it.  , They were not charging a higher rate than was expressed in the bill of lading.    They did not demand or receive more than their regular tariff rate.    There was no inquiry as to what the Southern Railway Company would charge for hauling hulls to the appellee, but the inquiry was as to the

appellee's charge, and this was correctly given, and was all appellee received.

What the appellants are attempting to do is to evade the payment of an expense discharged by the appellee for them, and for which they were responsible and liable, and without the payment of which the hulls would not have been delivered to the appellee for shipment.

It is immaterial whether the appellants paid this charge voluntarily or not. They were liable for it; it was a just charge, and one which they cannot in fairness refuse to pay.

If the appellants had paid the ordinary drayage—that is to say, if the hulls had been hauled in wagons the mile and a quarter from the mill for delivery to the appellee's line—it would have been very much greater, in all probability, than the rate the Southern Railway Company made for performing the services, and if this drayage charge had been advanced by the appellee, certainly the appellants would have been liable for it.

When the agent quoted the rate to the appellants he was not informed that the hulls were to be purchased from a mill which was not situated on appellee's line, and that they would have to be hauled a mile and a quarter. The appellee knew nothing whatever of the transaction between the oil mill and the appellants. When the hulls were tendered to it with the switching charge or drayage charge attached, the drayage was paid, appellee took the hulls and hauled them to Kosciusko at the regular tariff rate in the bill of lading, and presented to the appellants a bill embracing the amount paid by it to the Southern Railway Company for hauling the hulls from the mill to the appellee's railroad line.

CALHOON, J., delivered the opinion of the court.

We cannot agree that the highly penal statutes, code, §§ 4287, 4288, apply to this case. Here there was no overcharge "for the services rendered in the transportation." If the delivery had been to the railroad company free of charge for delivery

to it, the sum charged would have been within the purview of
the statute.   But the freight came to it with the charges which
it had to pay to get it on board.   Appellants were told what
the transportation charges would be over their line.   Unfor-
tunately, they did not buy at Greenwood from either of the two
oil mills on appellee's line, but from the only one on the line
of the Southern Railroad Company, and so the goods came to
appellee charged with local freight charges of the latter com-
pany in order to be shipped over its line.   If appellants are
damaged, it is from their own fault or misfortune.

*Affirmed.*   ·